## ANZALONE LAW OFFICES, LLC

By:   **Jamie Joseph Anzalone, Esquire**
Identification No.: 202764
**Kelly M. Ciravolo, Esquire**
Identification No.: 200565

**Attorneys for the Plaintiff**

98 South Franklin Street
Wilkes-Barre, PA 18701
(570) 825-2719

| | |
|---|---|
| KIERA LYNN CAPIE and<br>LUKE CAPIE, her husband, | : IN THE COURT OF COMMON PLEAS<br>:<br>: OF LUZERNE COUNTY |
| Plaintiffs | : |
| vs. | : CIVIL ACTION--LAW<br>: |
| COURTNEY LOBAO and<br>COWAN SYSTEMS, LLC, | :<br>: JURY TRIAL DEMANDED<br>: |
| Defendant | : NO: 202104269 |

## COMPLAINT

AND NOW come the Plaintiffs, Kiera Lynn Capie and Luke Capie, his wife, by and through their counsel, the Anzalone Law Offices, and hereby submit their Complaint against the Defendants, Courtney Lobao and Cowan Systems, LLC, and in support thereof aver as follows:

1. The Plaintiffs, Kiera Lynn Capie and Luke Capie, his wife, are adult individuals who currently reside at 1120 Pine Road, Hanover Township, Luzerne County, Pennsylvania 18706.

2. The Defendant, Courtney Lobao, is an adult individual who, upon information and belief, currently resides at 99 ½ Chesnut Street, Nashua, New Hampshire 03060.

3. The Defendant, Cowan Systems, LLC, is full service transportation and logistics company with its principal offices located at 4555 Hollins Ferry Road, Baltimore, Maryland 21227-4610.

4. At all times material hereto, the Defendant, Courtney Lobao, was operating his vehicle within the course and scope of his employment with the Defendant, Cowan Systems, LLC.

5. At all times material hereto, the Defendant, Courtney Lobao, was the operator of a Tractor Trailer with Maryland License No. 936F85, being then and there owned by the Defendant, Cowan Systems, LLC.

6. At all times material hereto, the Plaintiff, Kiera Lynn Capie, was the operator of a 2016 Nissan Murano with Pennsylvania license plate number KWC8578.

7. On March 30, 2021 at approximately 8:21 a.m., Plaintiff, Kiera Lynn Capie, was traveling on Oak Street in Pittston Township, Pennsylvania when she saw the Defendant, Courtney Lobao, stop ahead of her resulting in the Plaintiff also coming to a stop.

8. On the aforementioned date, the Defendant, Courtney Lobao, suddenly and without warning began to reverse his tractor and trailer without getting out to look behind him and struck the Plaintiffs' vehicle.

9. The aforesaid accident was the result of the carelessness and negligence of the Defendant, Courtney Lobao, and as a result, the Plaintiff, Kiera Lynn Capie, sustained the following severe, serious, painful and permanent injuries, which include but are not limited to the following:

    a) L4-5 Disc Herniation;

    b) Lumbar Radiculopathy

       c)       Post-Concussion Syndrome

       d)       Headaches; and

       e)       Anxiety

       10.     As a result of the aforementioned injuries, the Plaintiff, Kiera Lynn Capie, has obtained medical care and treatment from various medical care providers for which recovery is sought to the extent that expenses for such treatment exceeds the limit pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law.

       11.     As a result of the aforementioned injuries, the Plaintiff, Kiera Lynn Capie, was rendered sick, sore, and disabled and sustained severe mental and physical pain and great discomfort all of which required medical care and treatment and are alleged to be permanent.

       12.     As a further result of the aforementioned injuries, the Plaintiff, Kiera Lynn Capie, suffered and continues to suffer great physical and mental pain, discomfort and inconvenience, and has been informed, believes and therefore avers that her injuries are of a continuing and permanent nature and that she will continue to suffer and require additional medical care and treatment from time to time.

       13.     The Plaintiff, Kiera Lynn Capie, has been informed, believes, and therefore avers that she may be obliged to spend various sums of money and incur various expenses for treatment of the aforementioned injuries in the future, with said expenses for these injuries and treatment exceeding the limits provided for under the Pennsylvania Motor vehicle Financial Responsibility Law and for which the Plaintiff seeks recovery from the Defendants.

       14.     As a result of the subject matter collision and the injuries received in that collision, the Plaintiff, Kiera Lynn Capie, has suffered and continues to suffer a loss of

her earning capacity and power and this loss of income and/or impairment of earning capacity and power exceeded the sums recoverable under the limitations of the Pennsylvania Motor Vehicle Financial Responsibility Law for which a claim is hereby made and said loss is alleged to be permanent.

15. As a further result of the aforementioned injuries sustained in the accident, the Plaintiff, Kiera Lynn Capie, has sustained and will continue to sustain a loss of everyday pleasures and enjoyments of life for which a claim is hereby made.

WHEREFORE, the Plaintiffs, Kiera Lynn Capie and Luke Capie, her husband, hereby demand judgment in their favor against the Defendants, Courtney Lobao and Cowan Systems, LLC, in an amount in excess of the jurisdictional limit required for compulsory arbitration therefore under the applicable Statutes of the Commonwealth of Pennsylvania and the Local Rules of Court.

### COUNT I – NEGLIGENCE
### KIERA LYNN CAPIE AND LUKE CAPIE
### v.
### COURTNEY LOBAO and COWAN SYSTEMS, LLC

16. The Plaintiff, Kiera Lynn Capie and Luke Capie, her husband, incorporate by reference, paragraphs 1 through 15 as though the same were set forth fully at length herein.

17. The careless and negligent conduct of the Defendant, Courtney Lobao, Individually and as the agent, servant, workman and/or employee of the Defendant, Cowan Systems, LLC, vicariously, which said negligence consisted of the following:

   a) In then and there failing to become aware of his surroundings prior to driving his truck in reverse and colliding with the Plaintiff's vehicle;

b) In then and there failing to look in his rearview mirror or otherwise view the vehicle behind him prior to backing into it;

c) In then and there failing to have his vehicle under proper control;

d) In then and there failing to stop his vehicle prior to colliding with the Plaintiff's vehicle;

e) In then and there failing to have sufficient control over his vehicle in order to avoid colliding with the Plaintiff's vehicle;

f) In then and there failing to give any warnings of an imminent collision with the Plaintiff's vehicle;

g) In then and there failing to get out of his tractor to look if the roadway was clear prior to reversing his tractor and trailer; and

h) In then and there becoming distracted while operating his vehicle in reverse so as to prevent him from seeing the Plaintiff's vehicle behind his vehicle before backing into the Plaintiff's vehicle

WHEREFORE, the Plaintiffs, Kiera Lynn Capie and Luke Capie, her husband, hereby demand judgment in their favor against the Defendants, Courtney Lobao and Cowan Systems, LLC, in an amount in excess of the jurisdictional limit required for compulsory arbitration therefore under the applicable Statutes of the Commonwealth of Pennsylvania and the Local Rules of Court.

### COUNT II - NEGLIGENCE
### KIERA LYNN CAPIE AND LUKE CAPIE
### v.
### COWAN SYSTEMS, LLC

18. The Plaintiffs Kiera Lynn Capie and Luke Capie, her husband incorporates by reference the allegations contained in paragraphs 1 through 17, as though

the same were set forth fully at length herein.

19. The carelessness and negligence of the Defendant, Cowan Systems, LLC, consisted of the following in this matter:

    a) In then and there failing to properly train the Defendant, Courtney Lobao, for potential road hazards and conditions;

    b) In then and there hiring as a driver, the Defendant, Courtney Lobao, when they knew or should have known he was not qualified to safely operate said vehicle;

    c) In then and there engaging the services of the Defendant, Courtney Lobao, as a driver, when they knew or should have known that he was not qualified to safely operate the aforesaid vehicle;

    d) In then and there failing to adequately train, supervise and instruct the Defendant, Courtney Lobao, in a manner so as to properly and safely operate said vehicle;

    e) In then and there allowing the Defendant, Courtney Lobao, to remain in their employ when they knew or should have known he was not qualified to safely operate the aforesaid vehicle involved in this collision.

WHEREFORE, the Plaintiffs, Kiera Lynn Capie and Luke Capie, her husband, hereby demand judgment in their favor against the Defendants, Courtney Lobao and Cowan Systems, LLC, in an amount in excess of the jurisdictional limit required for compulsory arbitration therefore under the applicable Statutes of the Commonwealth of Pennsylvania and the Local Rules of Court.

### COUNT III – CONSORTIUM
### LUKE CAPIE

**v.**
**COURTNEY LOBAO and COWAN SYSTEMS, LLC**

20. The Plaintiffs, Kiera Lynn Capie and Luke Capie, her husband, hereby incorporate paragraphs 1 through 19 as though the same were set forth at length herein.

21. As a result of the injuries that his wife, Kiera Lynn Capie, sustained, Luke Capie, was denied the care, comfort, society and companionship of his wife, and a claim for consortium is hereby made.

WHEREFORE, the Plaintiffs, Kiera Lynn Capie and Luke Capie, her husband, hereby demand judgment in their favor against the Defendant, Courtney Lobao and Cowan Systems, LLC, in an amount in excess of the jurisdictional limit required for compulsory arbitration therefore under the applicable Statutes of the Commonwealth of Pennsylvania and the Local Rules of Court.

Respectfully submitted,
ANZALONE LAW OFFICES, LLC

*Jamie Joseph Anzalone*
JAMIE JOSEPH ANZALONE, ESQUIRE
KELLY M. CIRAVOLO, ESQUIRE
Attorneys for Plaintiffs

## CERTIFICATE OF COMPLIANCE

      I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: __Jamie Joseph Anzalone, Esquire__

Signature: *Jamie Joseph Anzalone*

Name: __Jamie Joseph Anzalone, Esquire__

Attorney No. (if applicable): __202764__

Rev. 12/2017

## **VERIFICATION**

We, KIERA LYNN CAPIE and LUKE CAPIE, Plaintiffs herein, certify that the statements contained in the foregoing Complaint are true and correct and are made subject to the penalties of 18 Pa. C.S.A. Section 4904, relating to unsworn falsification to authorities.

_____
KIERA LYNN CAPIE

_____
LUKE CAPIE