UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

KIERA LYNN CAPIE, et al.,

               Plaintiffs,

      v.

COURTNEY LOBAO, et al.,

               Defendants.

CIVIL ACTION NO. 3:21-CV-00829

(MEHALCHICK, M.J.)

**MEMORANDUM**

This is a personal injury action, initiated upon the filing of the original complaint in this matter by Plaintiffs Kiera Lynn Capie and Luke Capie ("Plaintiffs") on April 22, 2021, in the Court of Common Pleas of Luzerne County, Pennsylvania, against Defendants Courtney Lobao ("Lobao") and Cowan Systems, LLC ("Defendants"). (Doc. 1-1). On May 6, 2021, Defendants removed the action to this Court and filed their answer with affirmative defenses on May 25, 2021. (Doc. 1; Doc. 4). The parties consented to proceed before the undersigned United States Magistrate Judge pursuant to Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c) on June 15, 2021. (Doc. 10). After deposing Defendant Lobao, Plaintiffs filed a motion for leave to file an amended complaint on February 24, 2022, to add claims of recklessness and punitive damages against Defendants. (Doc. 17, at 4); (Doc. 18, at 21-26). On May 20, 2022, the Court granted Plaintiffs' motion for leave to file an amended complaint. (Doc. 27). On May 20, 2022, Plaintiffs filed their first amended complaint against Defendants. (Doc. 28; Doc. 29). On June 9, 2022, Defendants filed an answer to Plaintiffs' amended complaint. (Doc. 31). Defendants filed a motion for partial summary judgment on September 12, 2022, and a brief in support of their motion on that same day. (Doc. 37; Doc. 38). On September

14, 2022, Defendants filed a statement of facts. (Doc. 39). On September 15, 2022, Plaintiffs filed an answer to Defendants' statement of facts and a brief in opposition to Defendants' partial motion for summary judgment. (Doc. 40; Doc. 41). Defendants' motion has been fully briefed and is now ripe for disposition. (Doc. 37; Doc. 38; Doc. 39; Doc. 40; Doc. 41).

I. **SUMMARY OF MATERIAL FACTS**[1]

In the amended complaint, Plaintiffs allege that "On March 30, 2021, at approximately 8:21 a.m., Plaintiff, Kiera Lynn Capie, was traveling on Oak Street in Pittston Township, Pennsylvania when she saw the Defendant Lobao stop ahead of her resulting in the Plaintiff also coming to a stop." (Doc. 39, ¶ 8; Doc. 29, ¶ 7).[4] Plaintiffs' amended complaint then alleges "[o]n the aforementioned date, the Defendant Lobao suddenly and without warning began to reverse his tractor and trailer without getting out to look behind him and struck the Plaintiffs' vehicle." (Doc. 39, ¶ 9; Doc. 29, ¶ 8). Plaintiffs further allege: "The careless, negligent and reckless conduct of the Defendant, Courtney Lobao, Individually, and as the agent, servant, workman and/or employee of the Defendant, Cowan Systems, LLC, vicariously, which said negligence and recklessness consisted of the following:

> a) In then and there failing to become aware of his surroundings prior to driving his truck in reverse and colliding with the Plaintiff's vehicle;
> b) In then and there failing to look in his rearview mirror or otherwise view the vehicle behind him prior to backing into it;
> c) In then and there failing to have his vehicle under proper control;
> d) In then and there failing to stop his vehicle prior to colliding with the Plaintiff's vehicle;
> e) In then and there failing to have sufficient control over his vehicle in order to avoid colliding with the Plaintiff's vehicle;
> f) In then and there failing to give any warnings of an imminent collision

---

[1] The material facts are taken from Defendants' statement of facts (Doc. 39). Any disputed fact revealed by the record shall be noted and considered.

[4] Plaintiffs deny these assertion as stated. (Doc. 40, ¶¶ 8, 9, 10). Plaintiffs aver that Defendants' characterization of the allegations in Plaintiffs' complaint are denied as stated and reference is made to the written document which speaks for itself. (Doc. 40, ¶¶ 8, 9, 10).

with the Plaintiff's vehicle;
 g) In then and there failing to get out of his tractor to look if the roadway was clear prior to reversing his tractor and trailer;
 h) In then and there becoming distracted while operating his vehicle in reverse so as to prevent him from seeing the Plaintiff's vehicle behind his vehicle before backing into the Plaintiff's vehicle;
 i) In then and there knowingly ignoring his training which required him to continue to proceed forward, pull into another area and turn his tractor trailer around;
 j) In then and there knowingly ignoring his training which prohibited him from reversing his tractor-trailer on a public roadway;
 k) In then and there knowingly reversing his tractor-trailer on a public roadway when he knew there were motor vehicles on the roadway behind him;
 l) In then and there knowingly reversing his tractor-trailer on a public roadway while failing to check to see whether vehicles were in his blind spot;
 m) In then and there reversing his tractor-trailer on a public roadway when he was aware the same put the traveling public at risk for injury; and,
 n) In then and there ignoring post-accident retraining he received six weeks prior to this collision regarding getting out and looking prior to backing up his tractor-trailer.

(Doc. 39, ¶ 10; Doc. 29, ¶ 17).

The amended complaint then alleges that "[t]he conduct of the Defendant, Courtney Lobao, as described herein, constitutes reckless conduct and demonstrates a reckless disregard for the safety of other motorists on the roadway, including the Plaintiffs, Kiera Lynn Capie and Luke Capie, her husband, for which the Plaintiffs seek punitive damages." (Doc. 39, ¶ 11; Doc. 29, ¶ 18). In his deposition, Defendant Lobao testified that he was driving a tractor-trailer in the course and scope of his employment with Defendant Cowan. (Doc. 39, ¶ 13). Defendant Lobao testified that at approximately 8:00 a.m. on the day of the accident, he was proceeding on Oak Street in Pittston, Luzerne County, Pennsylvania, when he missed the entrance to the Coca-Cola plant where he should have made a right-hand turn. (Doc. 39, ¶ 14; Doc. 37-2, at 32). Defendant Lobao stated he "overshot" the turn by about ten feet. (Doc. 39, ¶ 15; Doc. 37-2, at 32). He then brought his tractor-trailer to a stop, looked in his mirrors, and seeing nothing, backed the tractor-trailer in reverse, and struck Plaintiff Katie Lynn

Capie's Vehicle. (Doc. 39, ¶ 16; Doc. 37-2, at 33-34).[11] Defendant Lobao was then asked, over objection, "do you agree that that decision was a reckless decision," to which he responded "yes." (Doc. 39, ¶ 18; Doc. 37-2, at 34 ).[12] Based upon this line of testimony, Plaintiffs amended their complaint to include a claim for punitive damages. (Doc. 39, ¶ 19).[13] Besides this testimony, Defendants assert that Plaintiffs have not produced any facts which support a

---

[11] Plaintiffs deny this assertion. (Doc. 40, ¶ 16). Plaintiffs aver that Defendant Lobao knew at the time he missed his turn, stopped and reversed his tractor-trailer on a public roadway that there had been a vehicle behind him on Oak Street. (Doc. 40, ¶ 16; Doc. 40, at 27). Further, Defendant Lobao testified that he had the option of continuing to operate his tractor-trailer forward on Oak Street, pulling into another area and turning his tractor-trailer around. (Doc. 40, ¶ 16; Doc. 40, at 26). Plaintiffs submit that Defendant Lobao chose the least safe option when he chose to put his tractor-trailer in reverse. (Doc. 40, ¶ 16). Defendant Lobao admitted that there was a possibility that there was a vehicle in his blind spot. (Doc. 40, ¶ 16; Doc. 40, at 26). Defendant Lobao admitted that he failed to get out and look, despite years of training instructing him to do so, and he reversed his vehicle knowing it was possible that there was a vehicle in his blind spot *and* he was not prevented in any way from moving his tractor-trailer forward and then turning around. (Doc. 40, ¶ 16; Doc. 40, at 26-28).

[12] Plaintiffs deny this assertion. (Doc. 40, ¶ 18). Plaintiffs aver that Defendant Lobao admitted that he made a choice that potentially put the traveling public at risk for injury and admitted that his decision to put his vehicle into reverse without getting out to look, knowing there was a possibility a "four-wheeler" [passenger motor vehicle] was behind him was reckless. (Doc. 40, ¶ 18; Doc. 40, at 27).

[13] Plaintiffs deny this assertion. (Doc. 40, ¶ 19). Plaintiffs aver that they amended their complaint based upon the entirety of Defendant Lobao's actions and testimony. (Doc. 40, ¶ 19). Plaintiffs contend that not only did Defendant Lobao admit that he was reckless in his backing up his tractor-trailer on this date, he did so despite being trained to get out and look before backing up. (Doc. 40, ¶ 19). Plaintiffs further contend that Defendant Lobao agreed at his deposition that to reverse his vehicle without getting out to look could have inflicted serious injury or death on a "four-wheel operator." (Doc. 40, ¶ 19; Doc. 40, at 27). Additionally, Plaintiffs maintain that just about six (6) weeks prior to this collision, Defendant Lobao was involved in an incident wherein he caused damage while backing up his tractor-trailer. (Doc. 40, ¶ 19). On February 15, 2021, Defendant Lobao backed up a tractor into one of Defendant, Cowan's, trailers, causing damage. (Doc. 40, ¶ 19; Doc. 40, at 31). Defendant Lobao received a verbal warning and had to receive training from Defendant, Cowan, after this incident in February 2021. (Doc. 40, ¶ 19). Plaintiffs allege that part of Defendant Lobao's retraining after that incident included retraining on getting out and looking prior to backing up his tractor-trailer. (Lobao 86-87); (Doc. 40, ¶ 19).

claim for reckless conduct or punitive damages. (Doc. 39, ¶ 20).[14] Defendants further assert that there is no evidence that Defendant Lobao engaged in outrageous conduct that was willful or malicious. (Doc. 39, ¶ 21).[15] Defendants submit that by all reports, Lobao merely backed his tractor and trailer at a low rate of speed and struck Plaintiff Kiera Lynn Capie's vehicle at a very low rate of speed (Doc. 39, ¶ 22),[16] and that there is no evidence that Lobao saw the plaintiff's vehicle and then decided to back up anyway. (Doc. 39, ¶ 23).[17]

II. **MOTION FOR SUMMARY JUDGMENT STANDARD**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" if the evidence "is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. In deciding a summary

---

[14] Plaintiffs deny this assertion. (Doc. 40, ¶ 20). Plaintiffs maintain that they have produced evidence that Defendant Lobao knew of the risk presented by backing up his tractor-trailer on a public roadway and that despite being retrained on backing up just six (6) weeks prior to his collision with Plaintiff, Ms. Capie's, vehicle, Defendant Lobao made a conscious decision to reverse his tractor-trailer and back up on a public roadway without clearing his blind spot or getting out to look. (Doc. 40, ¶ 20). Plaintiffs further contend that Defendant, Cowan Systems, LLC, informed Defendant Lobao after this collision that his decision on March 30, 2021, to back up his tractor-trailer without getting out to look was a reckless decision. (Doc. 40, ¶ 20; Doc. 40, at 32).

[15] Plaintiffs deny this assertion. (Doc. 40, ¶ 21). Plaintiffs aver that Defendant Lobao's testimony regarding this collision and his failure to follow his training supports Plaintiffs' claims of reckless conduct and punitive damages. (Doc. 40, ¶ 21).

[16] Plaintiffs deny this assertion. (Doc. 40, ¶ 22). Plaintiffs direct the Court's attention to Plaintiffs' responses herein and brief in opposition to Defendants' motion for partial summary judgment. (Doc. 40, ¶ 22).

[17] Plaintiffs deny this assertion and direct the Court's attention to Plaintiffs' responses herein and brief in opposition to Defendants' motion for partial summary judgment. (Doc. 40, ¶ 24; Doc. 40, ¶¶ 16, 18, 19).

judgment motion, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Pastore v. Bell Tel. Co. of Pa.*, 24 F.3d 508, 512 (3d Cir. 1994).

A federal court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Farrell v. Planters Lifesavers Co.,* 206 F.3d 271, 278 (3d Cir. 2000). The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). In deciding a motion for summary judgment, the court's function is not to make credibility determinations, weigh evidence, or draw inferences from the facts. *Anderson*, 477 U.S. at 249. Rather, the court must simply "determine whether there is a genuine issue for trial." *Anderson,* 477 U.S. at 249.

"Although the party opposing summary judgment is entitled to the 'benefit of all factual inferences in the court's consideration of a motion for summary judgment, the nonmoving party must point to some evidence in the record that creates a genuine issue of material fact.'"[18] *Velentzas v. U.S.*, No. 4: CV -07-1255, 2010 WL 3896192, *7 (M.D. Pa. August 31, 2010) (quoting *Goode v. Nash,* 241 F. App'x 868, 868 (3d Cir. 2007) (citation omitted). The opposing party 'cannot rest solely on assertions made in the pleadings, legal

---

[18] See also *Beenick v. LeFebvre*, 684 Fed. Appx. 200, 206 (3d Cir. 2017) (stating the purpose of requiring parties to cite to particular parts of the record in their briefs about a motion for summary judgment is to "assist the court in locating materials buried in a voluminous record") (quoting Fed. R. Civ. P. 56(c)(1)(A)).

memorandum, or oral argument.' *Velentzas,* 2010 WL 3896192 at *7. If the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to [the non-movant's] case, and on which [the non-movant] will bear the burden of proof at trial," Rule 56 mandates the entry of summary judgment because such a failure "necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23 (1986); *Jakimas v. Hoffmann–La Roche, Inc.,* 485 F.3d 770, 777 (3d Cir.2007).

### III. DISCUSSION

Defendants submit that the undisputed evidence in the record does not support a claim for punitive damages and as such, Plaintiffs' claim for punitive damages against Defendants should be dismissed with prejudice. (Doc. 38, at 10). Specifically, Defendants argue that no evidence supports the contention that Defendant Lobao's conduct was outrageous, willful, or malicious, or that he drove the tractor-trailer with reckless indifference, and thus move for summary judgment on the issue of liability for punitive damages. (Doc. 38, at 8-9). Defendants further submit that no evidence indicated that Defendant Lobao had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that he acted, or failed to act, in conscious disregard of that risk. (Doc. 38, at 9). Plaintiffs respond that there are sufficient questions of material fact in the record evidence to support a jury finding that Defendant Lobao's conduct on March 30, 2021, was reckless and in violation of his training, warranting an award of punitive damages. (Doc. 41, at 10). Plaintiffs argue that despite his training and retraining, Defendant Lobao made a conscious decision to reverse his tractor-trailer and back up on a public roadway without clearing his blind spot or getting out to look, constituting reckless conduct. (Doc. 41, at 13-14). Plaintiffs further allege that Defendant

Lobao's reckless conduct should be imputed to Defendant, Cowan Systems, LLC. (Doc. 41, at 13).

As this Court sits in diversity jurisdiction, it must apply Pennsylvania substantive law, including the law regarding punitive damages. *See Good v. Firstenergy Corp.*, 2015 WL 6703321, at *10 n.10 (M.D. Pa. 2015). The standard for awarding punitive damages is this:

> The standard governing the award of punitive damages in Pennsylvania is settled. "Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." *Feld v. Merriam*, 485 A.2d 742, 747 (1984) (quoting Restatement (Second) of Torts § 908(2) (1979)); *see also Chambers v. Montgomery*, 192 A.2d 355, 358 (1963). As the name suggests, punitive damages are penal in nature and are proper only in cases where the defendant's actions are so outrageous as to demonstrate willful, wonton or reckless conduct. *See SHV Coal, Inc. v. Continental Grain Co.,* 587 A.2d 702, 704 (1991); *Feld*, 485 A.2d at 747-48; *Chambers,* 192 A.2d at 358. *See also* Restatement (Second) of Torts § 908, comment b. The purpose of punitive damages is to punish a tortfeasor for outrageous conduct and to deter him or others like him from similar conduct. *Kirkbride v. Lisbon Contractors, Inc.*, 555 A.2d 800, 803 (1989); Restatement (Second) of Torts § 908(1) ("Punitive damages are damages, other than compensatory or nominal damages, awarded against a person to punish him for his outrageous conduct and to deter him and others like him from similar conduct in the future."). Additionally, this Court has stressed that, when assessing the propriety of the imposition of punitive damages, "[t]he state of mind of the actor is vital. The act, or the failure to act, must be intentional, reckless or malicious." *See Field*, 485 A.2d at 748; *see also Martin v. Johns-Manville Corp.*, 494 A.2d 1088, 1097 n.12 (1985) (plurality opinion).
>
> *Gfoehrer v. Calice*, 2011 WL 5320712, at *2 (M.D. Pa. 2011).

The standard for culpability resulting in punitive damages for recklessness is higher than mere negligence, though the underlying facts forming a basis for both theories may be one and the same. *See Hutchison ex rel. Hutchison v. Luddy*, 870 A.2d 766, 772 (Pa. 2005). Though intentional or malicious conduct can support a claim for punitive damages, Plaintiffs in this case proceed on a theory of gross negligence and recklessness. For punitive damages to arise from recklessness, evidence must be sufficient to establish that "(1) a defendant had a

- 8 -

subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk." *Hutchison*, 870 A.2d at 770. Direct evidence is not required to establish recklessness; if a jury could conclude from the evidence that a defendant "consciously appreciated the risk of harm" arising from his conduct and acted in conscious disregard of that risk, then summary judgment is not warranted. *Burke v. TransAm Trucking, Inc.*, 605 F. Supp. 2d 647, 655 (M.D. Pa. 2009). Finally,

> a court should be reluctant to grant a motion for summary judgment when resolution of the dispositive issue requires a determination of state of mind, for in such cases 'much depends upon the credibility of witnesses testifying as to their own states of mind, and assessing credibility is a delicate matter best left to the fact finder.'
>
> *Metzger v. Osbeck*, 841 F.2d 518, 521 (3d Cir. 1988) (citing Watts v. Univ. of Delaware, 622 F.2d 47, 52 (3d Cir. 1980).

Subjective appreciation of the risk of harm may be implied through evidence such as the defendant's experience or training. *See Burke*, 605 F. Supp. 2d at 655. The record here contains sufficient evidence for a jury to find that Defendant Lobao had a subjective appreciation of the risk of harm to which the Plaintiffs were exposed. *See Hutchison*, 870 A.2d at 770; *see Burke*, 605 F. Supp. 2d at 6 (holding that "based on [the driver's] experience and training, a jury could find that he consciously appreciated the risk of harm that could result by traveling twenty miles an hour over the speed limit in a tractor trailer while approaching a 'blind' curve.").

For recklessness to occur, the evidence must also be sufficient to allow a jury to find that Defendant Lobao acted in conscious disregard of the risk of harm. *See Hutchison*, 870 A.2d at 770. Conscious disregard of a risk of harm may be proved by circumstantial evidence. *Livingston v. Greyhound Lines Inc.*, 208 A.3d 1122, 1130 (Pa. Super. 2019); *see Moss v. Aaron's, Inc.*, 140 F. Supp. 3d 441, 449 (E.D. Pa.) (holding that a reasonable jury could make a finding

of conscious disregard of a risk of harm based on rent-to-own store employees' timing of an evening visit to a consumer's house and their conduct during the visit). The defendant's conduct, not the end result, must be examined. *Feld v. Merriam*, 485 A.2d 742, 748 (Pa. 1984).

Viewing the circumstances of this case in the light most favorable to the Plaintiffs (the non-movants), the record contains sufficient evidence to allow for a finding that Defendant Lobao acted in conscious disregard of the risk of harm arising from his conduct. Given the Third Circuit's instruction that state of mind determinations should be left to the jury, the circumstances of this collision could allow for a conclusion that Defendant Lobao was reckless in his conduct.

## IV.  CONCLUSION

For the foregoing reasons, Defendants' motion for partial summary judgment is **DENIED**. (Doc. 37).

An appropriate Order shall follow.

BY THE COURT:

Dated: August 4, 2023

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**